OPINION
PER CURIAM.
Michael Lee Austin, a state prisoner proceeding pro se, appeals the order of the District Court granting Appellees’ respective motions to dismiss and denying his request to equitably toll the statute of limitations pending the exhaustion of his administrative remedies. For the reasons that follow, we will affirm.
I.
Austin is a prisoner in the custody of the Pennsylvania Department of Corrections (“DOC”) who, during the relevant time, was incarcerated at the State Correctional Institution at Rockview (“Rockview”).[1] In October 2007, he commenced this action by filing a 42 U.S.C. § 1983 complaint in the District Court against DOC Secretary Jeffrey Beard and the following Rockview officials: Superintendent Franklin Tennis, Deputy Superintendents Marirosa Lamas and R. McMillan, Chief Psychologist Dr. Charles Walmer, Program Manager Melinda Smith, and psychiatrist Dr. Kevin Burke. Austin’s complaint raised First, Eighth, and Fourteenth Amendment claims, as well as a state law claim for breach of the duty of confidentiality. On the first page of his complaint, he admitted that he had not completed the prison’s grievance process with respect to his claims, and the various prison documents he submitted with his complaint reflected that incompleteness.
In February 2008, the defendants moved to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6) but did not submit an accompanying brief at that time. About a week later, Dr. Burke, who had retained separate counsel, filed an independent motion to dismiss and an accompanying brief. Shortly thereafter, the remaining defendants (hereinafter collectively referred to as “the DOC Officials”) filed a brief in support of their February 2008 motion to dismiss, arguing, inter alia, that Austin had failed to exhaust his administrative remedies with respect to his federal claims as required by the Prison Litigation Reform Act of 1995 (“PLRA”), 42 U.S.C. § 1997e(a). Dr. Burke had not raised this argument in his brief. Austin subsequently filed a “Motion for the Allowance of Equitable Tolling and to Expendite [sic] the Administrative Grievance Process,” ap *782 parently seeking to equitably toll the statute of limitations while he “exhausts and then re-file[s][his] case ... under a new civil action [number].... ”
In June 2008, the Magistrate Judge issued a report recommending that, in light of Austin’s failure to exhaust his administrative remedies, the court grant both motions to dismiss and deny Austin’s motion. In July 2008, the District Court adopted the report, denied Austin’s motion, and dismissed the complaint without prejudice. Austin now appeals the District Court’s judgment to this Court.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over a district court’s decision to grant a motion to dismiss. See Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir.2008).
Under the PLRA, a prisoner must exhaust all available administrative remedies before raising claims under § 1983 concerning prison conditions. See 42 U.S.C. § 1997e(a). To meet this requirement, a prisoner must properly exhaust his administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). “Proper exhaustion demands compliance with an agency’s deadlines and other critical procedural rules....” Id, at 90-91, 126 S.Ct. 2378. A prisoner’s failure to exhaust is an affirmative defense, Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and a defendant may, “in appropriate cases,” move to dismiss the complaint on that basis. Brown v. Croak, 312 F.3d 109, 111 (3d Cir.2002).
Under the DOC’s grievance procedure, an inmate must file a grievance with the Facility Grievance Coordinator within fifteen working days of the alleged event(s) at issue. See Pa. Dep’t of Corr. Policy Statement, DC-ADM 804, Part VI.A.8. Once a decision is issued, the inmate generally has ten working days to appeal to the prison’s Facility Manager. See id. at Part VT.C.l, 2. After the Facility Manager issues a decision, the inmate generally has fifteen working days to file a final appeal with the Office of Inmate Grievances and Appeals. See id. at Part VI.D.1.
In this case, Austin himself acknowledged that he had failed to complete the DOC’s grievance process, and the prison documents submitted with his complaint confirm his failure to properly exhaust his remedies. Indeed, Austin sought equitable tolling so that he could exhaust his administrative remedies. Accordingly, the District Court correctly dismissed Austin’s federal claims against the DOC Officials. Although Dr. Burke did not raise the issue of exhaustion in his separate motion to dismiss, the District Court did not err in dismissing the federal claims against him because it was clear from the complaint and accompanying documents that those claims were unexhausted. Cf. Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir.2002) (noting that a district court may “dismiss sua sponte a complaint which facially violates a bar to suit”).
Having dismissed Austin’s federal claims, the court acted within its discretion in declining to exercise supplemental jurisdiction over his state law claim. See 28 U.S.C. § 1367(c)(3); Figueroa v. Bucca *783 neer Hotel Inc., 188 F.3d 172, 181 (3d Cir.1999). Moreover, the District Court did not err in denying Austin’s request for equitable tolling, for he failed to demonstrate that such extraordinary relief is warranted here. See Santos v. United States, 559 F.3d 189, 197 (3d Cir.2009).[3] Finally, we have considered the remaining arguments Austin raises in his brief and conclude that they are without merit.
In light of the above, we will affirm the District Court’s order granting Appellees’ respective motions to dismiss and denying Austin’s motion for equitable tolling. Austin’s request for appointment of counsel is denied.

. Austin is currendy incarcerated at the DOC's State Correctional Institution at Cresson.

. Although an order of dismissal generally must be with prejudice to be appealable, "a plaintiff can appeal from a dismissal without prejudice when he declares his intention to stand on his complaint or when he cannot cure the defect in his complaint.” Booth v. Churner, 206 F.3d 289, 293 n. 3 (3d Cir.2000). As noted below, Austin cannot cure the defect in his complaint because the time for exhausting his administrative remedies has long since passed. Accordingly, this appeal is properly before us.

. It appears that Austin now describes his motion for equitable tolling as a motion to stay the District Court proceeding pending the exhaustion of his administrative remedies. Even if (1) Austin's motion could be interpreted as seeking a stay and (2) he could go back and exhaust his remedies — the time for doing so, however, passed more than two years ago — such a motion would still lack merit. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir.2003) (recognizing that “many of our sister circuits [have held] that permitting exhaustion [while the lawsuit is pending] ... undermines the objectives of section 1997e(a) and that the [statute] ... clearly contemplates exhaustion prior to the commencement of the action ..., thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur").